UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTANT CHECKMATE, LLC,<br><br>                                     Plaintiff,<br>v.<br>DOES 1-10,<br>                                    Defendants. | Case No.: 18CV2132 BAS (BGS)<br><br>**ORDER:**<br>**(1) GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br>**(2) EXTENDING TIME TO COMPLETE SERVICE TO JANUARY 30, 2019**<br><br>**[ECF 7]** |

      Plaintiff Instant Checkmate, LLC's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED.**

## BACKGROUND

      On September 13, 2018 Plaintiff Instant Checkmate, LLC ("Plaintiff") filed its Complaint against Doe Defendants ("Defendants"). (Compl. [ECF No. 1].) On October 12, 2018, Plaintiff filed an *Ex Parte* Application ("Application") seeking leave to serve a third party subpoena to ascertain the identity of Defendants. (Appl. [ECF No. 7].)

      In its Complaint, Plaintiff asserts that Defendants are liable for copyright infringement, removal and falsification of copyright management information, trademark

1

infringement, and violation of California Unfair Competition Law. (Compl. ¶¶ 1.) Plaintiff alleges that it has invested time, resources, and extensive creative development into creating a highly unique website. (*Id.* ¶¶ 9-10.) Plaintiff further alleges, and includes images reflecting that, Defendants have copied Plaintiff's website at SharpSnoop.com, with the only variation being inserting Sharp Snoop in place of Instant Check. (*Id.* ¶¶ 11-12.)

In attempting to identify who copied its website, Plaintiff utilized publically available records and found out the site is attributed to Privacy Protect LLC (PrivacyProtect.org). (Appl. at 2.) Plaintiff indicates it has sent demand letters to the webhost of the infringing website, the privacy protection service, the registrar of the domain name SharpSnoop.com, and the registrant of SharpSnoop.com itself, but has not received any meaningful response. (Appl. at 2, 4.) Plaintiff's Application seeks leave to conduct limited early discovery, issue a subpoena to PDR Ltd. d/b/a PublicDomainRegistry.com and PrivacyProtect, LLC to identify the true identities of the publishers of the copyright infringing website. (Appl. at 1, 6.)

Plaintiff argues the Application should be granted because: (1) Plaintiff can show the Defendants are individuals that may be sued in federal court; (2) Plaintiff has no other means to identify the infringing party; (3) the information Plaintiff seeks will lead to information that will make service possible; and (4) Plaintiff's Complaint could withstand a motion to dismiss as to personal jurisdiction and the claims asserted. (*Id.* at 3-7.)

## DISCUSSION

### I. Legal Standards

Unless a court order permits discovery, it is not allowed until the parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice against the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. 17CV2317 JAH (BLM),

2017 WL 6389848, at *1 (S.D. Cal. Dec. 14, 2017) (citing *Semitool*, 208 F.R.D. at 274).

The Ninth Circuit has held that when a defendant's identity is unknown at the time a complaint is filed, courts may grant a plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In determining whether to grant leave for early discovery to ascertain a defendant's identity, district courts consider: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the defendant is a real person or entity who could be sued in federal court"; (2) whether the plaintiff has described "all previous steps taken to locate the elusive defendant"; (3) whether the "suit against defendant could withstand a motion to dismiss"; and (4) whether the requested "discovery process would lead to identifying information about [the] defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

## II.  Analysis

Plaintiff has identified the Defendants with as much specificity as possible and the information obtained suggests there is an individual that would be subject to the Court's jurisdiction. Although Plaintiff is unable to identify the individual at this point, the initial research on who the site is registered to and the infringing conduct alleged (wholesale copying of the website) suggest there is a person responsible that may be identified through early discovery. *See Columbia Ins.*, 185 F.R.D. at 578. Plaintiff's efforts to locate Defendants before seeking Court intervention also indicate "plaintiff [has made a] good faith effort to comply with the requirements of service of process and specifically identify defendants." *Id.*

Plaintiff has also demonstrated that its claims could withstand a motion to dismiss. This requires Plaintiff to "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D. at 580.

A claim may be dismissed pursuant to Rule 12(b) for lack of jurisdiction or for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12 (b)(6). To prevail on a copyright infringement claim, Plaintiff must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)). Here, Plaintiff's Complaint alleges subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). (Compl. ¶ 7.) Plaintiff alleges that it owns all right, title, and interest in every page of its website and "that these materials are registered with the U.S. Copyright Office. (*Id.* ¶ 17.) And, Plaintiff alleges Defendants copied it, changing it only by substituting Sharp Snoop in place of Instant Check. (*Id.* ¶¶11-13.) As to personal jurisdiction, Plaintiff acknowledges that it cannot determine where Defendants reside. However, Plaintiff points to the copied website listing a San Diego address (acknowledging it is Plaintiff's copied website) as an indicator that even if Defendants do not reside here, Defendants are at least purporting to reside here. (Appl. at 6.) Plaintiff also emphasizes that Defendants have availed themselves of the forum state by their conduct here, the claim relates to forum-related activities, and the exercise of jurisdiction would be reasonable given Defendants copied a website that operates here. (*Id.* at 6-7 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-802 (9th Cir. 2004).) In order to survive a motion to dismiss for lack of personal jurisdiction the plaintiff need only make a prima facie showing of jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The Court finds Plaintiff has alleged the prima facie elements of copyright infringement and allegations that support personal jurisdiction sufficient to withstand a motion to dismiss for failure to state a claim or lack of personal jurisdiction.[1] *See Columbia Ins.*, 185 F.R.D. at 579-80.

---

[1] The Court need not address Plaintiff's other claims for purposes of obtaining the limited early discovery necessary to identify Defendants for purposes of service. The Court's conclusion on Plaintiff's ability to withstand a motion to dismiss based on the allegations

Finally, Plaintiff has satisfied the last element required in *Columbia Insurance* by demonstrating the requested discovery will lead to identifying information about Defendants that would make service of process possible. *Columbia Ins.*, 185 F.R.D. at 580. Plaintiff has been able to identify a privacy protection company that it believes is masking the identity of the true registrant and seeks to serve a subpoena to obtain the identity of the person that registered the website from that source.

## CONCLUSION AND ORDER

Plaintiff has met its burden of showing good cause and the Application (ECF No. 7) is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff may serve the PrivacyProtect, LLC and PDR Ltd. d/b/a PublicDomainRegistry.com with Rule 45 subpoenas commanding them to provide Plaintiff with the true name and address of the Defendant who registered the domain name SharpSnoop.com. Plaintiff shall attach to any such subpoena a copy of this Order;

2. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on PrivacyProtect, LLC and PDR Ltd. d/b/a PublicDomainRegistry.com for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint;

3. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order.

Plaintiff's time to serve Defendants is extended to January 30, 2019.

Dated: December 7, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

---

or personal jurisdiction for purposes of obtaining early discovery is in no way binding as to any future motion to dismiss that might be filed by Defendants should Plaintiff be successful in locating them.