# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTANT CHECKMATE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-10,<br><br>    Defendants. | Case No.: 18CV2132 BAS (BGS)<br><br>**ORDER GRANTING SECOND EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>**[ECF 13]** |

    Plaintiff Instant Checkmate, LLC's has filed a Second *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (ECF 13.) Plaintiff has identified another entity that is infringing Plaintiff's copyrights in the same manner as that described in Plaintiff's initial Complaint and first *Ex Parte* Application. (ECF 1, 7.) Plaintiff filed a First Amended Complaint ("FAC") on December 20, 2018, (ECF 12) and a Second *Ex Parte* Application ("Application") on December 21, 2018 (ECF 13). For the reasons set forth below, the Second *Ex Parte* Application is **GRANTED.**

///
///

# BACKGROUND

In the FAC, Plaintiff asserts that Defendants are liable for copyright infringement, removal and falsification of copyright management information, trademark infringement, and violation of California Unfair Competition Law. (FAC ¶ 1.) Plaintiff alleges that it has invested time, resources, and extensive creative development into creating a highly unique website. (*Id.* ¶¶ 9-10.) Plaintiff further alleges, and includes images reflecting that, Defendants have copied Plaintiff's website at SharpSnoop.com[1] and BackCheck.co, with the only variation being inserting Sharp Snoop and BackCheck in place of Instant Check. (*Id.* ¶¶ 11-14.)

In attempting to identify who copied its website, Plaintiff utilized publically available records and found out the site is attributed only to NameCheap, Inc., the internet service provider publicly listed as providing domain name registration and webhosting services to those that have copied Plaintiff's website. (Appl. at 2, 5.) Plaintiff indicates it has sent demand letters to NameCheap, but has not received any meaningful response. (*Id.* at 2, 4.) Plaintiff's Application seeks leave to issue a subpoena to NameCheap, Inc. to identify the person who registered the BackCheck Website. (*Id.* at 1, 5.)

Plaintiff argues the Application should be granted because: (1) Plaintiff can show the Defendants are individuals that may be sued in federal court; (2) Plaintiff has no other means to identify the infringing party; (3) the information Plaintiff seeks will lead to information that will make service possible; and (4) Plaintiff's FAC could withstand a motion to dismiss as to personal jurisdiction and the claims asserted. (*Id.* at 3-5.)

# DISCUSSION

## I. Legal Standards

Unless a court order permits discovery, it is not allowed until the parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). To

---

[1] SharpSnoop.com was addressed in the Court's December 7, 2018 Order granting Plaintiff's first Ex Parte Application for early discovery. (ECF 10.)

determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice against the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. 17CV2317 JAH (BLM), 2017 WL 6389848, at *1 (S.D. Cal. Dec. 14, 2017) (citing *Semitool*, 208 F.R.D. at 274).

The Ninth Circuit has held that when a defendant's identity is unknown at the time a complaint is filed, courts may grant a plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In determining whether to grant leave for early discovery to ascertain a defendant's identity, district courts consider: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the defendant is a real person or entity who could be sued in federal court"; (2) whether the plaintiff has described "all previous steps taken to locate the elusive defendant"; (3) whether the "suit against defendant could withstand a motion to dismiss"; and (4) whether the requested "discovery process would lead to identifying information about [the] defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

## II. Analysis

Plaintiff has identified the Defendants with as much specificity as possible and the information obtained suggests there is an individual that would be subject to the Court's jurisdiction. Although Plaintiff is unable to identify the individual at this point, the initial research on who the site is registered to and the infringing conduct alleged (wholesale copying of the website) suggest there is a person responsible that may be identified through early discovery. *See Columbia Ins.*, 185 F.R.D. at 578. Plaintiff's efforts to locate Defendants before seeking Court intervention also indicate "plaintiff [has made a] good faith effort to comply with the requirements of service of process and specifically identify defendants." *Id.*

Plaintiff has also demonstrated that its claims could withstand a motion to dismiss. This requires Plaintiff to "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D. at 580.

A claim may be dismissed pursuant to Rule 12(b) for lack of jurisdiction or for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12 (b)(6). To prevail on a copyright infringement claim, Plaintiff must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)). Here, Plaintiff's FAC alleges subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). (FAC ¶ 4.) Plaintiff alleges that it owns all right, title, and interest in every page of its website and "that these materials are registered with the U.S. Copyright Office." (*Id.* ¶¶ 59-60.) And, Plaintiff alleges Defendants copied it, changing it only by substituting BackCheck in place of Instant Check. (*Id.* ¶¶ 61-63.) As to personal jurisdiction, Plaintiff acknowledges that it cannot determine where Defendants reside. However, Plaintiff points to the copied website listing a San Diego address (acknowledging it is Plaintiff's copied website) as an indicator that even if Defendants do not reside here, Defendants are at least purporting to reside here. (Appl. at 5.) Plaintiff also emphasizes that Defendants have availed themselves of the forum state by their conduct here, the claim relates to forum-related activities, and the exercise of jurisdiction would be reasonable given Defendants copied a website that operates here. (*Id.* at 6 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-802 (9th Cir. 2004).) In order to survive a motion to dismiss for lack of personal jurisdiction the plaintiff need only make a prima facie showing of jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The Court finds Plaintiff has alleged the prima facie elements of copyright infringement and allegations that support personal jurisdiction sufficient to withstand a motion to dismiss for failure to state a claim or lack of personal

jurisdiction.[2] *See Columbia Ins.*, 185 F.R.D. at 579-80.

Finally, Plaintiff has satisfied the last element required in *Columbia Insurance* by demonstrating the requested discovery will lead to identifying information about Defendants that would make service of process possible. *Columbia Ins.*, 185 F.R.D. at 580. Plaintiff has submitted a letter to the registrar and webhost of the infringing content identifying the infringement, but received only an automatic response confirming receipt.

## CONCLUSION AND ORDER

Plaintiff has met its burden of showing good cause and the Application (ECF No. 13) is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff may serve NameCheap, Inc. with a Rule 45 subpoenas commanding it to provide Plaintiff with the true name(s) and address(es) of the Defendant who registered the domain name BackCheck.co.;
2. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on NameCheck, Inc. for the purpose of protecting and enforcing Plaintiff's rights as set forth in its FAC;
3. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order.

Dated: March 12, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

---

[2] The Court need not address Plaintiff's other claims for purposes of obtaining the limited early discovery necessary to identify Defendants for purposes of service. The Court's conclusion on Plaintiff's ability to withstand a motion to dismiss based on the allegations or personal jurisdiction for purposes of obtaining early discovery is in no way binding as to any future motion to dismiss that might be filed by Defendants should Plaintiff be successful in locating them.